UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DOMINICK** | **CIVIL ACTION** |
| **VERSUS** | **NO.   16-3888** |
| **CHRIS STINSON, WARDEN** | **SECTION: "E"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).   For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

*Procedural History*

Petitioner, Joseph Dominick, is a state prisoner incarcerated at the Madison Parish Correctional Center in Tallulah, Louisiana.   On October 2, 2012, he pleaded guilty under docket number 512-666 to one count of illegal possession of stolen things valued over $1,500.00, and was sentenced to 10 years imprisonment.   That same date, the State filed a multiple-offender bill of information charging him as a second-felony offender.   Dominick entered a guilty plea to the multiple bill, and the trial court vacated the original sentence and

sentenced him as a multiple offender to 12 years imprisonment.[1]  He did not appeal the conviction or sentence.

On October 17, 2014, Dominick filed a "Motion to Quash Multiple Offender's Bill of Information and Vacate Defendant's Multiple Offender's Sentence" with the state district court.[2]  He sought to quash the habitual-offender adjudication and guilty plea because he claimed the trial court failed to advise him of his right to remain silent during the plea colloquy.  On February 6, 2015, the trial court issued a written ruling denying relief.[3]  On April 14, 2015, he filed a related application for supervisory writs with the Louisiana Fourth Circuit Court of Appeal.[4]  That application was denied as procedurally barred on April 29,

---

[1] State Rec., Vol. 1 of 1, Multiple Bill of Information; Waiver of Constitutional Rights Plea of Guilty Form; Minute Entry, 10/2/12.  He was also charged with and entered a guilty plea that same date under docket number 508-934 to simple burglary of a vehicle, illegal possession of stolen things valued under $500.00 and resisting an officer.  His allegations in this federal application involve only his guilty plea to the multiple offender bill and enhanced sentence.

[2] *Id.*, Motion to Quash Multiple Offender's Bill of Information and Vacate Defendant's Multiple Offender's Sentence (attached as an exhibit to Louisiana Fourth Circuit Writ No. 2015-K-0383.  The copy of the motion bears no signature date and no file-date stamp; however, the trial court's ruling on the motion states that it was filed October 17, 2014.

[3] *Id.*, District Court Order denying relief (February 6, 2015).

[4] *Id.*, Motion for Writ of Review, No. 2015-K-0383.  Although the motion bears an Affidavit purportedly signed on February 5, 2015, this Court will use the file stamp date of April 14, 2015, because the motion challenging the trial court's ruling could not have been prepared *before* that court issued its decision on February 6, 2015.

2015.[5]   On May 14, 2015, he filed a supervisory writ application with the Louisiana Supreme Court.   That writ application was denied as procedurally barred on January 25, 2016.[6]

On April 24, 2016, Dominick filed his federal application for *habeas corpus* relief.[7]   In his petition, he claims that the trial court's failure to advise him of his right to remain silent rendered his multiple-offender guilty plea invalid.   He was also granted leave to supplement his application with a claim that the State offered insufficient proof of his identity for the predicate conviction to support the enhanced sentence.[8]   The State filed a response, arguing that the federal application is not timely and the claims are procedurally defaulted.[9]

---

[5] *Id.*, *State v. Dominick*, No. 2015-K-0383 (La. App. 4th Cir. April 29, 2015).

[6] *Id.*, Louisiana Supreme Court Application for Supervisory and/or Writ of Review No. 15-KH-986; *State ex rel. Dominick v. State*, 2015-KH-0986 (La. 1/25/16), 183 So.3d 1282.

[7] Rec. Doc. 7, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.   "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."   *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003).   Petitioner signed his federal application on April 24, 2016.   Therefore, his application could not have been placed in the prison mailing system any earlier than that date.

[8] Rec. Docs. 15, 16.

[9] The State conceded in its response that Dominick presented his claim (*i.e.*, invalidity of guilty plea based upon trial court's failure to advise him of his right to remain silent), to each appropriate state court.   Rec. Doc. 17, p. 3.   The State did not address the exhaustion of Dominick's supplemental claim (*i.e.*, insufficiency of the evidence relied upon by the State to support the enhanced sentence, Rec. Doc. 15), which the record suggests was not presented to the state district court.   However, the Court notes that whether or not this is a mixed petition does not alter the untimely nature of his federal application, or the

*Analysis*

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state-court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b),(c)). The State submits that the petition is untimely. For the following reasons, the Court agrees and finds the petition to be untimely.

A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Dominick filed his *habeas* petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA generally requires that a petitioner bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."[10] With regard to finality, the United States Fifth Circuit Court of Appeals has

---

recommendation for a dismissal with prejudice for that reason.

[10] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point ... the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

---

      B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

As previously noted, Dominick pleaded guilty and was sentenced on October 2, 2012. Therefore, his state criminal judgment was final for AEDPA purposes on November 1, 2012, when his time expired for filing an appeal under state law.[11] Under a plain reading of the statute, Dominick then had one year within which to file his federal *habeas* petition, or a deadline of November 1, 2013. He did not file his federal *habeas* petition with this Court until April 24, 2016. Thus, his application must be dismissed as untimely, unless that deadline was extended through tolling.

B. *Statutory Tolling*

The Court finds no basis for statutory tolling in this case. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, as the state-court record shows, Dominick had no such applications pending before the state courts during the applicable one-year period. The one-year federal limitations period continued to run uninterrupted and expired on November 1, 2013. Dominick's motion to quash was not filed with the state district court until October 17, 2014, well *after* the one-year federal limitations period had

---

[11] *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has 30 days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

already expired, and therefore could not possibly afford him any tolling benefit. *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)). Once the federal limitations period expired, "[t]here was nothing to toll." *Butler v. Cain,* 533 F.3d at 318. Because Dominick had no state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[12]

C. *Equitable Tolling*

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[12] The Court also notes that Dominick's motions requesting documents provide no tolling benefit. Applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001). Additionally, the motions were filed beyond the one-year federal limitations deadline. State Rec., Vol. 1 of 1, Motions for Production submitted to the state district court in May and June 2014.

prevented timely filing." *Id*. at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Dominick does not assert, much less prove, that any type of extraordinary circumstance prevented him from filing his federal application timely within the one-year limitations period. In fact, he offers no excuse for his failure to pursue timely *habeas* relief and the record discloses no basis on which this Court could find that equitable tolling is warranted. It is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status do not suffice to justify equitable tolling. *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); s*ee also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ([E]quitable tolling "is not intended for

those who sleep on their rights"). Accordingly, Dominick is not entitled to equitable tolling.[13]

In sum, the instant petition was filed after the federal limitations period expired. Dominick has not established any basis for statutory or equitable tolling in the instant case. Therefore, his federal *habeas corpus* petition should be dismissed with prejudice as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Dominick's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[13] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id.* To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v.Delo*, 513 U.S. 298, 324, 327 (1995). Dominick does not invoke *McQuiggin* and, in any event, has not made a colorable showing that he is actually innocent in light of "new evidence." The Court notes that Dominick does not challenge his underlying guilty plea to the criminal offense, but rather, only his guilty plea to the multiple-offender bill.

consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this  28th  day of      December      , 2016.

                                        MICHAEL B. NORTH
                                UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

10